Michael Kind, Esq.
Nevada Bar No: 13903
KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No: 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Estela Ramirez*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| Estela Ramirez, | Case No.: |
|---|---|
| Plaintiff, | **Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.** |
| v. | |
| Commonwealth Financial Systems, Inc., Citigroup, Inc. *dba* Citi and Equifax Information Services LLC, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Estela Ramirez ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Commonwealth Financial Systems, Inc. ("Commonwealth"), Citigroup, Inc. *dba* Citi ("Citi") and Equifax Information Services LLC ("Equifax") (jointly as "Defendants"), with regard to erroneous

reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Citibank, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant Commonwealth is a corporation doing business in the State of Nevada.

10. Defendant Equifax is a corporation doing business in the State of Nevada.

11. Defendant Citi is a corporation doing business in the State of Nevada.

12. Defendants Commonwealth and Citi are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

13. Defendant Equifax regularly assembles and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

14. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## GENERAL ALLEGATIONS

15. Defendants either reported or caused to be reported inaccurate information as discussed herein after receiving a dispute from Plaintiff.

16. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

17. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

18. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005).

19. On information and belief, Defendants herein adopted and at all times relevant implemented the Metro 2 format.

20. On information and belief, each furnisher-Defendant named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

21. Each of the credit reporting agencies named herein, re-reported inaccurate information, violating their duty to follow reasonable procedures to assure

maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

22. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

23. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

— **THE EQUIFAX VIOLATIONS** —

**EQUIFAX FAILED TO INVESTIGATE PLAINTIFF'S DISPUTE**

**RE: COMMONWEALTH ACCOUNT NO. 27N1, 26N1, 24N1**

24. In Plaintiff's credit report from Equifax dated August 10, 2017, Equifax was inaccurately reporting Plaintiff's balance and the date of the first delinquency on the account.

25. On August 10, 2017, Plaintiff disputed Equifax's reporting regarding the debt pursuant to 15 U.S.C. § 1681i by notifying Equifax, in writing, of the incorrect and inaccurate credit information.

26. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected.

27. Equifax was required to conduct a reinvestigation into this specific debt on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i

28. However, Plaintiff never received any notification from Equifax that Equifax investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

29. A reasonable investigation by Equifax would have indicated that Plaintiff did not have any balance for these debts and that Equifax was reporting an inaccurate delinquency date.

30. Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i.

31. Upon information and belief, Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, upon information and belief, Equifax re-reported the that Plaintiff owed outstanding balances to Commonwealth and that the date of first delinquency was after January 7, 2011, which was inaccurate.

32. Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i.

33. Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i.

34. Due to Equifax's failure to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i.

35. Equifax's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

36. Also as a result of Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, upon information and belief, higher interest rates and damage to Plaintiff's creditworthiness as well as out-of-pocket expenses in challenging Defendants' inaccurate reporting, emotional distress and mental anguish and harm to Plaintiff's reputation.

37. By inaccurately reporting account information after notice and confirmation of its errors, Equifax failed to take the appropriate measures as required under 15 U.S.C. § 1681i.

### CITI AND EQUIFAX MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO. 5424****

38. On or about November 7, 2016, Plaintiff disputed Citi's inaccurate reporting on Plaintiff's Equifax November 7, 2016 credit report, including inaccurate "charge off" notations and an inaccurate "charge off status," pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Citi.

39. Specifically, Plaintiff sent a letter on November 7, 2016, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

40. Upon receiving that letter, Equifax timely notified Citi of Plaintiff's dispute, but Equifax and Citi continued reporting inaccurate information.

41. Equifax and Citi were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

42. On or about November 30, 2016, Plaintiff received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

43. A reasonable investigation by Equifax and Citi would have indicated that Plaintiff did not owe a balance and that the account should not be reported as "charged off" and certainly that the account was not charged off multiple times.

44. Equifax and Citi failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

45. Equifax and Citi continued to report inaccurate derogatory information on Plaintiff's report. Specifically, Equifax and Citi continued to report inaccurately that Plaintiff's account status was "charged off," with multiple "charge off" notations even though the account could not have been charged off more than once.

46. Equifax and Citi, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

47. Equifax and Citi failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

48. Due to the failure by Equifax and Citi to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

49. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Equifax and Citi by communicating Plaintiff's dispute with Equifax and Citi were fruitless.

50. Equifax and Citi willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

51. Also as a result of the continued inaccurate and negative reporting by Equifax and Citi, Plaintiff has suffered actual damages, including without limitation, out-of-pocket expenses in challenging these defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress, including humiliation, fear, stress and anxiety.

52. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax and Citi failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## — THE CITI/EXPERIAN VIOLATIONS —
### CITI MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO. 5424****

53. On or about November 7, 2016, Plaintiff disputed Citi's inaccurate reporting on Plaintiff's Experian November 7, 2016 credit report, including inaccurate "charge off" notations and an inaccurate "charge off" status, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Citi.

54. Specifically, Plaintiff sent a letter on November 7, 2016, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed.

55. Upon receiving that letter, Experian timely notified Citi of Plaintiff's dispute, but Citi continued reporting inaccurate information.

56. Citi was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

57. On or about November 23, 2016, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

58. A reasonable investigation by Citi would have indicated that Plaintiff did not owe a balance and that the account should not be reported as "charged off" and certainly that the account was not charged off multiple times or in "past due" status in November 2016.

59. Citi failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

60. Citi continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Citi continued to report inaccurately that Plaintiff's account status was "charged off," with multiple "charge off" notations even though the account could not have been charged off more than once. Furthermore, Citi inaccurately reported that Plaintiff was "past due as of November 2016."  This was inaccurate since the account was not charged off or written off any later than May 2011.  These defendants' inaccurate reporting illegally re-aged the debt and caused the negative information to remain on Plaintiff's consumer report longer than permissible under 15 U.S.C. § 1681c.

61. Citi, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

62. Citi failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

63. Due to the failure by Citi to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

64. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Citi by communicating Plaintiff's dispute with Citi were fruitless.

65. Citi willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

66. Also as a result of the continued inaccurate and negative reporting by Citi, Plaintiff has suffered actual damages, including without limitation, out-of-pocket expenses in challenging these defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress, including humiliation, fear, stress and anxiety.

67. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and Citi failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## COMMONWEALTH MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO. 27N1, 26N1, 24N1

68. On or about August 10, 2017, Plaintiff disputed Commonwealth's inaccurate reporting on Plaintiff's Experian August 10, 2017 credit report, including inaccurate balances, dates of delinquency and disputed that the account was illegally being reported longer than permissible under 15 U.S.C. § 1681c, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Commonwealth.

69. Specifically, Plaintiff sent a letter on August 10, 2017, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed.

70. Upon receiving that letter, Experian timely notified Commonwealth of Plaintiff's dispute, but Commonwealth continued reporting inaccurate information.

71. Commonwealth were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

72. On or about August 24, 2017, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

73. A reasonable investigation by Commonwealth would have indicated that the first delinquency on the account occurred no later than January 2011 and the debt was time barred and not legally enforceable.

74. Commonwealth failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

75. Commonwealth continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Commonwealth continued to report inaccurately that Plaintiff owed a balance and that the "date opened"was in June 2017.  This was inaccurate since the account was opened over six years earlier.  Commonwealth was therefore illegally re-aging the debt and caused the negative information to remain on Plaintiff's consumer report longer than permissible under 15 U.S.C. § 1681c

76. Commonwealth, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

77. Commonwealth failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

78. Due to the failure by Commonwealth to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting

1 | of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

79. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Commonwealth by communicating Plaintiff's dispute with Commonwealth were fruitless.

80. Commonwealth willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

81. Also as a result of the continued inaccurate and negative reporting by Commonwealth, Plaintiff has suffered actual damages, including without limitation, out-of-pocket expenses in challenging these defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress, including humiliation, fear, stress and anxiety.

82. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Commonwealth failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *ET SEQ.*

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, *et Seq.*.

85. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

86. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

87. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 26th day of October 2017.

                                                      Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**

                                                      By: /s/ Michael Kind
                                                      Michael Kind, Esq.
                                                      6069 South Fort Apache Road, Suite 100
                                                      Las Vegas, Nevada 89148
                                                      *Attorneys for Plaintiff*